IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Karen P. Johnson, | ) | C/A No.: 3:12-cv-2274-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DePuy Orthopaedics, Inc; Macari Medical, Inc.; and William G. Macari, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This case comes before the Court on Defendant DePuy Orthopaedic's ("DePuy") Motion to Stay (ECF No. 6) and Plaintiff Karen P. Johnson's Motion to Remand (ECF No. 11). A conditional transfer order has been filed in this case, but the order has not become effective yet, and in the meantime, this Court's jurisdiction continues.

I.   **Factual and Procedural History**

On August 24, 2010, DePuy Orthopaedics, Inc. ("DePuy") initiated a voluntary recall of the ASR™ Hip Systems. After the recall, lawsuits were filed all over the country. These suits have been consolidated in multidistrict litigation ("MDL") No. 2197, which is before the Honorable David A. Katz of the Northern District of Ohio. More than 5,200 actions have now been transferred to, or direct-filed in, the MDL court. This is the fourth ASR™ Hip Systems case that this court has dealt with.

This case involves the same factual inquiries that will be present in the ASR™ Hip Systems product liability actions generally—though, Plaintiff raises additional claims against the non-diverse defendants and bases her claims on statutory and common law unique to South Carolina. DePuy is the manufacturer of the ASR™ Hip Systems, and Macari Medical, Inc. and

1

William Macari ("the Macari Defendants") are the South Carolina distributors of the DePuy ASR™ Hip Systems.  Plaintiff originally filed this case in the Richland County Court of Common Pleas and alleged the following causes of action against all of the Defendants: strict liability, negligence or gross negligence, breach of implied warranty, and breach of express warranty.  DePuy then removed the action to this Court claiming that the Macari Defendants were fraudulently joined and that diversity jurisdiction exists in this case.  Defendant DePuy has filed a Motion to Stay, requesting that this Court stay all proceedings pending transfer to MDL No. 2197. (ECF No. 6).  According to DePuy, the Macari Defendants are fraudulently joined due to the impact that preemption has on Plaintiff's state-law claims.  Plaintiff has filed a Motion to Remand the instant action to state court, asserting that the Macari Defendants are not fraudulently joined and that, as such, diversity jurisdiction does not exist in the present case. (ECF No. 11).

Since the initial removal of this case to federal court, a conditional transfer order was filed; however, a notice of opposition was also filed, and the Judicial Panel on Multidistrict Litigation has not yet ordered that the transfer become official.  As such, this Court retains jurisdiction, and the Chairman of the Panel has indicated that this Court "should feel free to rule on any pending motions, including, but not limited to, motions for remand to state court. Particularly where such motions involve an issue or issues unlikely to arise in the MDL, their early resolution may be in the interest of the involved courts and parties."  Letter from Chairman of the Panel—to Transferor Judge.

**II.    Legal Standard**

This Court's power to stay is well established.  It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In considering a Motion to Stay, a court should consider three factors, including: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001).

**III.   Analysis**

DePuy urges this Court to stay all proceedings and to vacate all deadlines in this action pending the transfer of this case to the Northern Distict of Ohio to become part of MDL No. 2197.  DePuy points out that 181 stays have been granted by federal courts with ASR™ Hip System cases pending before them.

DePuy argues that a stay of the instant case would advance the purposes of the MDL and would not prejudice the parties.  "A short stay will ensure that this action proceeds in an orderly, coordinated fashion under the direction of Judge Katz.  A stay will facilitate his efficient, uniform resolution of pretrial issues common to all of these federal ASR™ Hip System actions." (ECF No. 6-1).  DePuy further points out that duplication of case management tasks by multiple courts not only is an uneconomical use of judicial resources, but also could lead to inconsistent rulings by different courts considering identical issues.  *See* Nguyen v. BP Exploration & Production, Inc., 2010 WL 3169316, at *2 (S.D. Tex. Aug. 9, 2010) ("Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision.").  Furthermore, DePuy indicates that the company has set up a process for patients to be reimbursed for expenses relating to recall-related medical care and medical treatment.  As such, Plaintiff would not be prejudiced by a stay in that sense.

Additionally, DePuy argues that Plaintiff will be spared some costs related to pre-trial motions and discovery by staying the action.

Plaintiff disagrees that she would not be prejudiced by a stay pending transfer to the MDL. Plaintiff argues that if the case is stayed, she will be forced to shoulder the delays and increased litigation costs associated with an MDL. Additionally, she will be forced to present her arguments for remand in a remote forum, and she fears that she may even lose the ability to control her arguments. Plaintiff submits that the issue of preemption is properly decided by the South Carolina state court, not a federal district court sitting in Ohio—that the issue involves a merits decision and that the MDL court is without proper jurisdiction.

Other courts faced with deciding concurrent motions to resolve jurisdictional questions and motions to stay pending transfer to MDLs have determined that "a court should first give preliminary scrutiny to the merits of the motion to remand." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). However, "if the jurisdictional issue is both difficult and similar or identical to those cases transferred or likely to be transferred[,] the court [may] proceed . . . and consider the motion to stay." *Id.* In deciding a motion to stay, a court should consider three factors, including: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (citations omitted). The court finds that the parties have raised jurisdictional issues in their briefs on remand that are both difficult and identical to jurisdictional issues raised in other cases before Judge Katz. The court is persuaded that in the interest of judicial economy and consistency Defendant DePuy's Motion to Stay should be granted.

**IV.** **Conclusion**

This court is persuaded that this case should be stayed pending transfer to MDL No. 2197. Accordingly, the court declines to rule on Plaintiff's Motion to Remand, leaving that decision to Judge Katz, who has a number of other motions to remand before him where the issue of preemption has been raised. Accordingly, Defendant DePuy's Motion to Stay (ECF No. 6) is granted. The court declines to rule on Plaintiff's Motion to Remand (ECF No. 11).

IT IS SO ORDERED.

October 1, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge